UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL R.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C23-6050-BAT

**ORDER REVERSING AND REMANDING**

      Plaintiff appeals the ALJ's decision finding him not disabled. In 2020, Plaintiff applied for disability insurance benefits alleging disability as of June 2020. Tr. 17. After conducting a hearing, the ALJ issued a decision finding bipolar disorder, PTSD, ADHD, diabetes, diabetic peripheral neuropathy and obesity are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work subject to additional limitations including work with simple and routine tasks with only occasional interaction with the public and coworker and no tandem tasks with coworkers; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 23-31.

      Plaintiff contends the ALJ found at step-three that he has moderate limitations in concentration, persistence and pace. Plaintiff acknowledges a step-three finding is not an RFC determination, but argues the ALJ misevaluated his moderate mental limitations by failing to

ORDER REVERSING AND REMANDING - 1

"allow[ ] the opinions of the psychiatric medical professional to guide her RFC analysis." *See* Dkt. 12 at 3 and 9.

Plaintiff contends the ALJ found at step-three that many notes in Plaintiff's medical record, and the April 2023 Language and Learning evaluation completed by speech pathologist Kirsten Bouma, M.A. show Plaintiff is moderately limited in his ability to concentrate, persist, and maintain pace. *Id.* at 5.

In determining RFC, the ALJ reviewed the medical evidence. The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). A qualified speech pathologist is considered an acceptable medical source. *See* 20 C.F.R. § 404.1502(a) (5). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff mentions three medical sources that should have "guided" the ALJ's RFC determination: Ms. Bouma, treating doctor Benjamin Gonzalez, M.D. and examining doctor Shannon Ledesma, PhD. Dkt. 12 at 7 and 9.

The ALJ noted Ms. Bouma's testing and observations show Plaintiff has severe to profound concerns in attention, executive function, intellectual function and reading/writing ability; that Plaintiff presented as anxious, very slow to respond to test tasks due to overthinking, was easily frustrated and talked loudly and excessively on topics of interest such as football. Tr. 26. The ALJ noted Ms. Bouma also found Plaintiff had functional receptive and expressive language skills, could drive and read street signs, can perform daily home activities, was cooperative and developed compensatory strategies. Tr. 26.

The ALJ omitted Ms. Bouma's assessment that while Plaintiff can read street signs, reading is extremely difficult "and/or frustrating to impossible"; that there are concerns regarding Plaintiff's "social pragmatic communication skills and that he may have problems "obtaining, regularly attending or sustaining education or employment." Tr. 3372.

The ALJ did not indicate Ms. Bouma's evaluation findings are unsupported but stated "the evidence suggests that claimant was able to work with his mental impairments." The Court finds the ALJ's reliance on Plaintiff's ability to work before the date that he claimed disability (June 2020), is not evidence that Plaintiff is therefore not disabled after the onset date. The ALJ did not find Plaintiff's mental health from the time he stopped working in 2020, till the time Ms. Bouma evaluated Plaintiff three years later remained the same. The Court thus finds the ALJ erred in discounting Ms. Bouma's evaluation findings on this basis.

The ALJ also discounted Ms. Bouma's evaluation on the grounds Plaintiff stopped working for reasons other than his mental impairments. The ALJ rejected Plaintiff's testimony he was fired due to his mental impairments on the grounds Plaintiff provided "no evidence to support this assertion." Tr. 26. Substantial evidence does not support the rationale. The ALJ indicated Plaintiff stated his security guard job ended due to covid. *Id.* But, the record upon which the ALJ relied in making this finding does not contradict Plaintiff's testimony. That record states "Was fired from security job when they found out he had PTSD. Stopped working in 2020 due to covid." Tr. 3384. This record supports Plaintiff's claim he was fired due to mental symptoms. This record is unclear about the relationship between Covid-19 and the termination of Plaintiff's work. For instance, it is unclear whether this record means Plaintiff stopped work due to illness or whether Plaintiff's position ended due to covid. This record is thus not substantial evidence that supports the ALJ's finding Plaintiff stopped working for reasons unrelated to

disability.

The Court accordingly concludes the ALJ misevaluated Ms. Bouma's evaluation and thus erred in failing to account for all limitations assessed by Ms. Bouma in determining RFC.

Turning to Benjamin Gonzalez, M.D., the ALJ noted the doctor opined on August 27, 2020 that Plaintiff has Bipolar I Disorder; Plaintiff's symptoms include "fair/poor insight, irritability, impulsive behavior, hyperverbal, elevated mood," and that Plaintiff's "labile mood pressured speech." Tr. 360. Dr. Gonzalez opined Plaintiff's symptoms would occasionally affect his attention and concentration to perform simple tasks and that Plaintiff can perform "low stress jobs" based upon Plaintiff's past work as a security guard for twenty years. Tr. 361.

The ALJ discounted Dr. Gonzalez's opinion Plaintiff would occasionally have concentration problems and could perform only low stress jobs on the grounds the doctor "provided insufficient support for these assessments."  This is an insufficient conclusory statement that does not address the symptoms Dr. Gonzalez described and his clinical observations which appear to be the basis of the doctor's opinions.

The ALJ also discounted Dr. Gonzalez's opinion on the grounds the doctor did not articulate what he meant by a "low stress job." Tr. 28. The ALJ erred in two respects. First, if it was unclear to the ALJ what the doctor meant by "low stress job" the ALJ should have requested clarification rather than simply rejecting the limitation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (The ALJ must develop the record to allow for proper evaluation of the evidence). And second, the meaning of "low stress job" has been repeatedly discussed as a functional work limitation by other ALJs and Courts. *See Trogden v. Commissioner of Social Security*, 2022 WL 2954090 at * 13 (E.D. California, July 26, 2022) and *Janhsen v. Berryhill*, 265 F.Supp.3d 992, 998 (D. Alaska, 2017) ("The ALJ restricted plaintiff to a "low-stress job,

defined as consisting of only occasional decisionmaking or changes in the work setting."); Restrictions in the degree of decision-making are commonly incorporated as a component of a "low-stress" work limitation. *Compare Williams v. Astrue*, 2012 WL 1570576, *5 (C.D.Ca.2012) (defining "simple, routine, and repetitive tasks in a low stress environment" to mean "work requiring no (i.e., rare) decision making or judgment, no change in work setting, and not requiring any usual, very fast pace or production rate requirements.") (emphasis added), with *Roots v. Colvin*, 2014 WL 2893193 (E.D.Ca.2014) (defining "simple, routine and repetitive tasks and low stress work" to mean only "occasional decision-making and no more than occasional changes in the work setting.") (emphasis added) and *Valdez v. Commissioner of Soc. Se*c., 2012 WL 3776879, *4 (W.D.Mich.2012) (noting the ALJ found the claimant could "only work a low stress job with no more than frequent decision making") (emphasis added). *See also Cisneros v. Colvin*, 2013 WL 5375490, *2 (E.D.Ca.2013) ("And by low stress I mean not production pace and not requiring lots of decision making, you know, not in a decision making position.").

The ALJ's RFC determination and the hypothetical question posed to the vocational expert did not include all limitations associated with a low stress job. The ALJ thus harmfully erred in discounting Dr. Gonzalez's opinions.

And lastly, Dr. Ledesma examined Plaintiff in June 2022. Tr. 2498. The ALJ accepted the doctor's opinion Plaintiff can handle his finances, cannot perform complex tasks, can perform simple repetitive tasks, and may have difficulty interacting with coworkers and the public, as "generally consistent with the overall record." Tr. 29. However, the ALJ discounted Dr. Ledesma's opinion Plaintiff needs a "supportive environment" is poorly supported because it does not reflect precise functional restrictions that can be interpreted in concrete vocational terms. *Id.* Supportive work environment is a functional work limitation that has been recognized

by ALJs and Courts. *See e.g., Paden v. Barnhart*, 92 Fed.Appx. 465, 468 (9th Cir. 2004) (ALJ erred in failing to include doctor's finding Paden needs a supportive work environment); *Florian S. v. Commissioner of Social Security*, 2021 WL 12178381 at * 4-5 (W.D.Wash. April 14, 2021) (ALJ erred in failing to account for examining mental health specialist's opinion Plaintiff could potentially work in a supportive environment.). The ALJ accordingly erred in discounting the doctor's opinion Plaintiff needs a "supportive environment."

The ALJ also discounted the doctor's opinion Plaintiff "may have difficulty accepting instructions from supervisors" because it was not precise enough. As noted above, the ALJ should have requested clarification rather than simply rejecting the limitation.

And lastly the ALJ discounted the doctor's opinion on the grounds she considered Plaintiff's pain and Dr. Ledesma is not a medical doctor who is qualified to evaluate the effect of physical symptoms. A claimant's physical and mental problems can be intertwined causing limitations from the combined impact of both problems. The ALJ may not therefore automatically dismiss the opinion of a psychologist who considers how a claimant's limits can flow from a combination of physical and mental problems. *See Farris v. Barnhart,* 147 Fed. Appx. 638, 639 (9th Cir. 2005) (ALJ erred in rejecting psychologist's opinion based upon the combined impact of back pain and mental impairment which the ALJ found was outside the doctor's expertise.).

The Court accordingly concludes the ALJ erred in discounting Dr. Ledesma's opinions about Plaintiff's limitations. The Court further finds the ALJ's error in discounting the three medical source opinions above is not harmless as the errors resulted in an RFC determination and a hypothetical question to the VE that failed to include all assessed limitations.

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess the opinions of Ms. Bouma and Drs. Gonzalez and Ledesma, develop the record and reassess RFC as needed, and proceed to the remaining steps of the disability determination process.

DATED this 3rd day of June, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e